# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| PAMELA SUE HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:14-cv-00092 |
| v. | ) |
| | ) Judge Nixon |
| CAROLYN W. COLVIN, | ) Magistrate Judge Brown |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff Pamela Sue Haywood's Motion for Judgment on the Administrative Record ("Motion"). (Doc. No. 7.) On March 3, 2016, Magistrate Judge Brown issued a Report and Recommendation ("Report") recommending that Haywood's Motion be denied and the decision of the Social Security Administration be affirmed. (Doc. No. 12 at 21.) On March 11, 2016, Haywood filed Objections to the Report (Doc. No. 13), to which the Commissioner filed a Response (Doc. No. 14) and Haywood a Reply (Doc. No. 15). For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report (Doc. No. 12) and **DENIES** Haywood's Motion (Doc. No. 7). The Clerk of the Court is **DIRECTED** to close the case.

I. STANDARD OF REVIEW[1]

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2012). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of*

---

[1] The Court adopts Magistrate Judge Brown's summary of the facts and procedural posture of this case (Doc. No. 12 at 1–10) and refers to the facts below only as necessary to facilitate evaluation of Haywood's Motion.

1

*Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the Administrative Law Judge's ("ALJ") decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

## II. HAYWOOD'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

Haywood objects to the Magistrate Judge's Report on the following grounds: (1) the ALJ improperly discredited her treating physician's opinion that she would be absent from work at

2

least two days per month; and (2) the ALJ improperly discredited her treating physician's opinion that her pain would frequently interfere with her attention and concentration. (Doc. No. 13 at 3.) The Court considers each objection in turn.

    *A. Absent Two Days a Month*

Haywood argues the ALJ erred in discounting the opinion of treating physician Jeffrey Carlson that Haywood was likely to be absent from work about two days per month. (Doc. No. 13 at 1.) The Commissioner responded that the Magistrate Judge correctly determined that the ALJ gave good reasons for disregarding this portion of Dr. Carlson's opinion. (Doc. No. 14 at 2.) The Court agrees.

The parties agree that Dr. Carlson is a treating source. Treating source medical opinions are entitled to controlling weight if the following conditions are met: "(1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013), *reh'g denied* (May 2, 2013) (quoting 20 C.F.R. § 404.1527(c)(2)); *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 696 (6th Cir. 2007). If the treating source's medical opinion is not entitled to controlling weight, the ALJ must determine the appropriate weight to accord the opinion upon consideration of the following factors: "the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).

If the ALJ does not give a treating source's opinion controlling weight, she must give "good reasons" that are supported by the evidence in the record and sufficiently

3

specific to permit "meaningful review of the ALJ's application of the rule." *Id.* (internal citations omitted). A failure to give good reasons "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record" and, unless the failure is harmless error, requires remand. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)).

Here, the ALJ carefully examined Dr. Carlson's opinion and treatment records and determined that his opinion was entitled to "great weight, as it is consistent with his treatment notes and examination findings." (Tr. 19.)[2] However, Dr. Carlson's finding that Haywood "was likely to be absent from work two days a month" was given "no weight" because "his treatment notes do not show that she reported experiencing severe pain during that time, nor did she have medical office visits two days a month." (*Id.*) The ALJ evaluated Dr. Carlson's opinion as a treating source, determined that this particular limitation was inconsistent with other substantial evidence in the record, and gave a good reason for failing to accord this particular part of the opinion controlling weight—it was specifically contradicted by Dr. Carlson's treatment notes from the relevant time period. The ALJ's treatment of Dr. Carlson's opinion is supported by substantial evidence, and in her Objection Haywood cites no contrary evidence. Haywood's Objection on this point is unfounded.

### B. Attention and Concentration

Haywood contends the ALJ erred in ignoring Dr. Carlson's assessment that her "pain and other symptoms would frequently interfere with her attention and concentration," and if this limitation were considered she would be unable to work. (Doc. No. 13 at 3.) The Commissioner

---

[2] The Administrative Record is available at Docket Number 5.

argues Haywood waived this argument by failing to raise it to the Magistrate Judge (Doc. No. 14 at 2–3), and the Court agrees.

In her Memorandum in support of her Motion, Haywood argued "the ALJ completely ignored the mental demands of Ms. Haywood's past relevant work." (Doc. No. 8 at 9.) The Magistrate Judge found Haywood waived this argument because she "failed to provide any argument, factual allegations, reference to the record, or citation to relevant authority in support of this argument." (Doc. No. 12 at 17.) Upon review of Haywood's Memorandum in support of her Motion (Doc. No. 8 at 9–12), this Court concurs with this conclusion. Haywood argued the ALJ's findings on this point are not supported by substantial evidence (*id.* at 11), but cited no evidence in the record to support her argument except her testimony at the hearing that she was no longer performing her past job, and that her medications caused drowsiness and lack of concentration (*id.* at 9). Haywood also argued that the ALJ did not cite the Dictionary of Occupational Titles ("DOT") in support of his finding, but instead determined Haywood was capable of performing her past work without explanation. (*Id.* at 11–12.) However, as the Magistrate Judge noted, the ALJ cited the DOT listing for "medical equipment sales representative," Haywood's past relevant work. (Doc. No. 12 at 17.) Haywood did not mention Dr. Carlson's opinion that Haywood's pain would frequently interfere with her ability to work at any point in her brief.

Absent compelling reasons, the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see, e.g.*, *Carney v. Colvin*, No. 3:12-cv-00744, 2015 WL 5089783, at *3 (M.D. Tenn. Aug. 17, 2015). This Objection was not raised to the Magistrate Judge, and Haywood does not explain this omission. Indeed, Haywood replied to

the Commissioner's response brief to state, without citation to the record, that she "has made detailed arguments that the ALJ failed to consider the mental demands of Ms. Haywood's past relevant work." (Doc. No. 15 at 1.) The Court finds this Objection is waived.

Even if it were not waived, however, the Objection is meritless. As the Commissioner argues, "the same reason the ALJ articulated to discredit Dr. Carlson's opinion concerning Plaintiff's anticipated absences from work, its inconsistency with his own treatment notes, also easily explains why the ALJ could not possibly credit Dr. Carlson's related opinion that Plaintiff's pain and other symptoms would frequently prohibit her from completing even simple work tasks." (Doc. No. 14 at 4.) Dr. Carlson's treatment notes indicate Haywood did not suffer frequent disabling pain during the relevant time period. (Doc. No. 12 at 4–7.) Accordingly, this portion of Dr. Carlson's opinion is inconsistent with the other substantial evidence in the case record.

The ALJ's failure to explain why he disregarded this portion of Dr. Carlson's opinion is not ground for reversal if it was harmless error. A failure to apply the treating source rule may be harmless error where "the Commissioner has met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Wilson*, 378 F.3d at 547. Here the Court finds the ALJ's failure to mention this portion of Dr. Carlson's opinion was harmless error because the ALJ's reasons for rejecting Dr. Carlson's opinion that Haywood would need to miss two days of work every month apply with equal force to this part of his opinion.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report (Doc. No. 12) and **DENIES** Haywood's Motion (Doc. No. 7). The Clerk of the Court is **DIRECTED** to close this case.

It is so ORDERED.

Entered this the 16th day of May, 2016.

                                          JOHN T. NIXON, SENIOR JUDGE
                                          UNITED STATES DISTRICT COURT